PuaRsoet, G. J.
 

 Assuming the facts to be that Nelson, having a verbal authority from Bailey to exchange Hinton-for Cager — "made the exchange, received Cager from Moore, and told Moore to take possession of Hinton, as his property, whenever he could do so — that Hinton was a runaway, but was afterwards apprehended and taken into possession • by Moore as his property, in pursuance of the agreement, his-Honor was of opinion that the plaintiff was entitled to recover ; we do not concur.
 

 The statute provides that “ all sales of slaves accompanied with actual delivery of the slave to the purchaser shall be* valid.” Eev. Code, ch. 50, sec. 13.
 

 It was insisted by
 
 Mr.
 
 Phillips, that the sale or exchange (which is the same thing) must be accompanied with delivery ; that is, that the sale and delivery must be at the same time; and that the delivery must be actual, that is, although it need pot be a delivery from hand to hand, still the slave must be present and the possession be changed at the time. Eor illustration, he referred to the old doctrine of “ livery of seizin in deed,” where the parties went upon the land and
 
 *88
 
 made livery, and livery in law, when the parties did not go ■on the land.
 

 We think neither branch of this proposition can be maintained, and the counsel has fallen into error by not distinguishing between .a
 
 “
 
 contract ©f sale” and a sale or contract executed, by which the title passes.
 

 At common law the title to personal property passes by a sale without delivery. For instance, A sells B a horse and receives the price ©ma note for it; the horse, although ten miles distant instantly 'becomes the property ©f B. This principle of the common law was confined to sales, for delivery was necessary to pass title by a gift, and by the civil law delivery was necessary to pass title either by sale or gift. In respect to slaves, (the most valuable species of personal property,) it was seen that this rule of the common law opened the door to •fraud and perjury. To remedy this evil, the statute provides that all sales of slaves shall be in writing, attested by a credible witness, unless the sale be accompanied with the actual deliv-tery of the slave to the purchaser, so as to give notoriety to the transaction by a change of possession, a fact about which there can be no mistake, and consequently, no room for perjury. The object of the statute is to change the common law in respect to the sale of slaves,, and to proyide that the title shall not pass as soon as “ the bargain is struck,” but shall remain in the vendor until there is an actual delivery, which is fully accomplished by treating the bargain or agreement to sell as merely inchoate and of no effect until the sale is consummated by a change of possession; when that is done, there
 
 is a sale,
 
 and not before, so that literally, the sale is accompanied with an actual delivery. For instance, A sells B a slave and receives the price; at common law the title would pass instanter; but under the statute it does not pass. If, however A, on the next day, carries the slave to B and delivers him, the sale is consummated, and the title passes. So, if after the agreement to sell, A says to B, “ the slave is at my plantation, go and take possession of him as your property, ¡and, accordingly, B, on the next day, or the next week, goes
 
 *89
 
 •■•and tabes the negro into possession and carries him home with ■him, there is then a sale, and the title passes by the change ■of possession.
 

 The allusion ■of the counsel to the doctrine of “livery of ■seisin,” furnishes an apt illustration, and when followed out, •supports the correctness of our conclusion. If the parties
 
 go >on the land
 
 and the feoffor makes livery to the feoffee, the ■title passes instanter.; but if the parties do not go on the land, the livery of seisin is simply livery in law, and the title does not pass, unless the transfer is afterwards consummated by the entry of the feoffee in the life-time of the parties. So the liv•ery in law is inchoate merely, but still is a foundation for the feoffment to rest on, so that it may be consummated and pass the title by the fact of the feoffee’s afterwards taking possession, and thereby giving notoriety to the transaction, so that every one may see that the feoffor has ceased to be the ■fee-holder and the feoffee has taken his, place.
 

 To the suggestion that livery in law cannot be made by attorney, the reply is, livery in law was only allowed when the feoffor could not go on the land for fear of bodily harm. This ■is personal to him, so he cannot in such a case act by attorney. This reason has no application to a sale or contract to sell a slave, which, under a general rule of law, may as we'll be ■done by attorney as in person $
 
 faeit per alittm, faeitper se.
 
 There is error.
 
 Venire de novo.
 

 Per CueiáM, Judgment reversed.